# LEVI&KORSINSKY LLP

55 Broadway, 10th Floor
New York, N.Y. 10006
T: 212-363-7500
F: 212-363-7171
www.zlk.com

Adam Apton
aapton@zlk.com

March 11, 2019

**VIA HAND DELIVERY**

Judge I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers Room 921 South
Brooklyn, New York 11201
Attn: Alexa Perlman

Re: CV-17-3084 - *Murphy III v. JBS S.A. et al.*

Dear Judge Glasser:

Our office represents the lead plaintiff in the above-captioned class action lawsuit. The Court preliminarily approved the parties' proposed settlement on Friday, March 8, 2019. The settlement provides for the lead plaintiff to conduct certain confidential "confirmatory discovery" prior to the final approval hearing in order to confirm that the proposed settlement is fair, reasonable, and adequate and should be approved by the Court in final. To do so, the parties respectfully request that the Court enter the attached proposed confidentiality agreement and order, which was previously filed as Exhibit G to the parties' Stipulation of Settlement.

The discovery contemplated by the parties, referred to as "confirmatory discovery," is routine in settlements of this nature. It gives opposing counsel the opportunity to review highly relevant information from inside the company. It provides plaintiffs' counsel with assurance that the proposed settlement is in the best interests of the class given the strengths and weaknesses of the case. *See, e.g., In re Nissan Radiator/Transmission Cooler Litig.*, No. 10 CV 7493 (VB), 2013 U.S. Dist. LEXIS 116720, 2013 WL 4080946, at *7 (S.D.N.Y. May 30, 2013) (approving settlement where, "[a]lthough the parties have not engaged in extensive discovery . . . [,] the plaintiffs conducted an investigation prior to commencing the action, retained experts, and engaged in confirmatory discovery in support of the proposed settlement"). However, because the information is sensitive, parties typically agree to treat it as confidential.

In order to proceed with the confirmatory discovery, the parties respectfully request that the Court enter the attached proposed confidentiality agreement and order.

Respectfully,

Levi & Korsinsky, LLP

By: [signature]
Adam M. Apton

Encls.

cc: All counsel of record

s/ Gary R. Brown, U.S.M.J.
3/11/19

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EDMUND MURPHY III, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JBS S.A.,<br><br>Defendant. | Case No.: 1:17-cv-03084-ILG-RER<br><br>Hon. Judge I. Leo Glasser<br><br>Hon. Magistrate Judge Ramon E. Reyes, Jr. |

**CONFIDENTIALITY AGREEMENT AND ORDER**

This Confidentiality Agreement and Order (the "Agreement") is entered into in this putative class action as of December 19, 2018, between and among lead plaintiff GWI Enterprise Ltd. ("Lead Plaintiff"), Levi & Korsinsky, LLP ("Lead Counsel"), defendant JBS S.A. ("JBS"), and Proskauer Rose LLP ("Proskauer").

WHEREAS, beginning in May 2017, two putative class actions were filed by certain purchasers of JBS American Depositary Receipts alleging violations of the federal securities laws (collectively, the "Action"); and

WHEREAS, on October 6, 2017, the Court appointed Lead Plaintiff as the lead plaintiff and Levi & Korsinsky, LLP as Lead Counsel in the Action pursuant to the provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

WHEREAS Lead Plaintiff filed a Consolidated Class Action Complaint (the "Complaint") against JBS on August 29, 2018; and

WHEREAS the Complaint contends that JBS made false statements and omitted material facts about its compliance with applicable laws and codes of conduct and other matters; and

WHEREAS Lead Counsel, Proskauer, and JBS representatives engaged in discussions and mediation sessions to try to settle the Action; and

WHEREAS Lead Plaintiff and JBS have agreed to a proposed settlement of the Action, as documented in an executed Stipulation of Settlement, subject to the Court's approval; and

WHEREAS, solely for purposes of confirming whether the proposed settlement is fair, reasonable, and adequate, Lead Plaintiff has asked that Lead Counsel be given access, on an "attorneys' eyes only" basis, to documents and information relating to the issues raised in the Complaint; and

WHEREAS, under the PSLRA, all discovery in the Action is currently stayed; and

WHEREAS JBS has advised Lead Plaintiff that it intends to move to dismiss the Action if the proposed settlement does not become Final (as defined in the Stipulation of Settlement); and

WHEREAS JBS seeks and intends to preserve all objections to discovery in the Action and in any other actions or proceedings in any forum (including in proceedings in Brazil) and to protect all applicable privileges and protections – including the attorney-client privilege and the attorney work-product protection – that might apply to such discovery materials;

NOW, THEREFORE, solely to advance Lead Plaintiff's evaluation of the proposed settlement, in consideration of the mutual promises and covenants made in this Agreement, with the intent to be legally bound by the terms of this Agreement, and understanding that the Court may enforce the terms of this Agreement, Lead Plaintiff, Lead Counsel, JBS, and Proskauer agree as follows:

1. All non-public documents that are in or come into the possession of Lead Plaintiff or Lead Counsel solely from JBS or any person affiliated with JBS – including, without limitation, writings, drawings, graphs, charts, photographs, microfilm, microfiche, drafts, deposition transcripts, non-identical copies of documents, and data compilations (including, without limitation, electronic or computerized data compilations) from which information can be obtained – and all non-public information (whether oral or written) that is provided to Lead Plaintiff or Lead Counsel under the terms of this Agreement and is or becomes known to Lead Plaintiff or Lead Counsel solely from JBS or any person affiliated with JBS shall be deemed to be "Settlement Disclosure Material." Any notes or other writings relating to any interviews conducted in connection with the confirmatory discovery for the proposed settlement shall also be deemed to be Settlement Disclosure Material that is subject to the terms of this Agreement.

2. The Settlement Disclosure Material shall consist of (*i*) providing Lead Counsel with documents from Bank of New York Mellon concerning the Relevant Securities traded during the Class Period, (*ii*) allowing Lead Counsel access to an electronic Document Depository, under the control of Proskauer, containing documents that are relevant to the claims in the Complaint, and (*iii*) allowing Lead Counsel to conduct informal interviews of one or two relevant JBS officials to be agreed upon by Lead Counsel, JBS, and Proskauer. The Stipulation of Settlement contains additional terms under which Lead Counsel and anyone else will be able to engage in confirmatory discovery, including obtaining Settlement Disclosure Material.

3. The Document Depository will be located at Proskauer's offices in Washington, D.C. or New York City, at Lead Counsel's election. The Document Depository shall remain locked when not in use, and Proskauer will control access to the Document Depository. To the

extent that JBS and Proskauer provide Settlement Disclosure Material in electronic form, the materials will be stored on a computer that is not connected to the internet.

4. Proskauer and Lead Counsel will, in good faith, agree to a mutually acceptable schedule pursuant to which Lead Counsel will be allowed access to the Document Depository. At all times when Lead Counsel are present, a Proskauer representative shall be in close proximity to the Document Depository to monitor access to it; *provided, however*, that such Proskauer representative shall remain outside the actual room in which the Settlement Disclosure Material is made available to Lead Counsel unless the representative has been asked by or has the permission of Lead Counsel to enter the Document Depository. If Lead Counsel so requests, the Document Depository will contain a lockable file cabinet in which Lead Counsel's attorneys may store their notes, personal possessions, and any materials copied for them pursuant to this Agreement.

5. No Settlement Disclosure Material made available to Lead Counsel shall be removed (whether physically, by electronic copying, printing, photographing, or scanning, or by other means) from the Document Depository by Lead Counsel or by anyone else acting on behalf or for the benefit of Lead Plaintiff or Lead Counsel. Lead Counsel shall not bring into the Document Depository any type of photographic, photocopying, printing, or other electronic device that allows for the electronic scanning, printing, photographing, or duplication of documents, including, without limitation, portable photocopiers or cameras.

6. Although they may not scan, copy, or photograph Settlement Disclosure Material, Lead Counsel may make handwritten or computer-generated notes or dictate notes regarding Settlement Disclosure Material as they review such materials.

7. Only the following individuals shall be allowed access to the Document Depository:

a. attorneys who are either partners in, or members or employees of, Lead Counsel;

b. any other attorneys whom Lead Counsel designates for purposes of reviewing the proposed settlement of the Action or of any related litigation, and for no other purposes whatsoever;

c. non-attorney employees of Lead Counsel, or of any other attorneys designated pursuant to paragraph 7.b above, necessary to assist Lead Counsel or any of those other attorneys in reviewing Settlement Disclosure Material solely for purposes of assessing the proposed settlement of the Action;

d. consultants or experts retained by Lead Counsel, or by any other attorneys designated pursuant to paragraph 7.b above, necessary to assist those attorneys in reviewing Settlement Disclosure Material solely for purposes of assessing the proposed settlement of the Action, and whose identities shall not be disclosed to JBS; *provided*, however, that, if the Action does not ultimately settle, and if litigation continues, then the disclosure and discovery provisions of Fed. R. Civ. P. 26 and any Local Rules of Court governing experts will apply; and

e. any mediator(s) appointed to help the parties resolve the Action.

8. Except for Lead Counsel (including its employees), any and all individuals given access to the Document Depository or other Settlement Disclosure Material pursuant to paragraph 7 above shall, before being granted such access, be given a copy of this Agreement and agree, by executing the undertaking in the form attached as Exhibit A, to be subject to all of

its terms. Lead Counsel and its employees agree to the terms of this Confidentiality Agreement without having to sign Exhibit A.

9. Settlement Disclosure Material and information contained in Settlement Disclosure Material (collectively, "Settlement Information") shall be used solely for the purpose of evaluating the proposed settlement of the Action and for no other purpose whatsoever (including pursuing claims in the Action or in any other proceeding within or outside the United States, including any lawsuit, arbitration, or other proceeding in Brazil). Lead Counsel and all other individuals allowed access to Settlement Disclosure Material pursuant to paragraph 7 above shall keep all Settlement Information strictly confidential and shall not disclose, disseminate, discuss, or otherwise publish such material or information in whole or in part, directly or indirectly, by any manner, method, or means whatsoever, to any other person, firm, or entity, including any media organization; nor shall they use any Settlement Information in connection with any purchase or sale of, or any other investment decision relating to, JBS securities; *provided, however*, that:

a. Lead Counsel and any other individuals allowed access to Settlement Disclosure Material pursuant to paragraph 7 above may discuss Settlement Information with Lead Plaintiff, consultants or experts retained by Lead Counsel, and representatives of Lead Plaintiff to the extent they deem appropriate and consistent with the terms of this Agreement;

b. Lead Counsel and any other individuals allowed access to Settlement Information pursuant to paragraph 7 above may generally discuss the nature of such information with other counsel representing potential class members in the Action solely for the purposes of allowing those other counsel to evaluate the proposed settlement of the Action and to decide whether to participate in it, object to it, or opt out of it; *provided, however*, that such discussions

shall not include identification or descriptions of specific Settlement Disclosure Material or specific documents in the Document Depository; and

c. Before any discussions take place regarding Settlement Information as provided in this paragraph 9, all prospective recipients of Settlement Information must be given a copy of this Agreement and agree, by executing the undertaking in the form attached as Exhibit A, to be bound by to its terms.

10. Lead Counsel shall retain the undertakings executed pursuant to paragraphs 8 and 9 above. Lead Counsel shall provide an undertaking to Proskauer that all individuals allowed access to Settlement Information pursuant to this Agreement have executed the requisite undertakings.

11. Proskauer will make reasonable efforts to provide all Settlement Disclosure Material in English, subject to the terms of this paragraph. To the extent that any Settlement Disclosure Material is in a language other than English and Lead Counsel wish to translate that material, Proskauer will exercise reasonable efforts to work with Lead Counsel to devise a method for obtaining translations at Lead Counsel's expense; *provided, however,* that JBS and its counsel shall not otherwise have any obligation to provide translations of Settlement Disclosure Material.

12. If Lead Counsel, Lead Plaintiff, or any other person or entity given access to Settlement Information pursuant to this Agreement (collectively, the "Recipients") receives a request to produce Settlement Information by any means, including by written interrogatories or by deposition, the recipient of such request shall give Proskauer immediate written notice of such request as provided in this Agreement, so that JBS may take any appropriate measures (including seeking a protective order or attempting to quash such request) to oppose or limit disclosures, to

require that disclosure be made under seal, or to seek any other available remedy. Any Recipient receiving the request shall not oppose any efforts by JBS and/or its counsel to take whatever measures they deem appropriate to protect Settlement Information from disclosure; *provided, however*, that any Recipient receiving the request shall be able to make any other arguments he, she, or it deems appropriate to the extent such arguments are not contrary to JBS's or its counsel's arguments regarding disclosure. If a protective order cannot be obtained, and if a Recipient is compelled by a court order to disclose Settlement Information, then such entity or individual shall disclose only such portion of such information that is required to be disclosed. Any Recipient so compelled shall give Proskauer immediate written notice of the information to be disclosed as far in advance of its disclosure as is practicable, shall use his, her, or its best efforts to obtain assurances that the information will be filed under seal, and shall give Proskauer a duplicate production of all documents that are required to be disclosed.

13. If (i) after review of the Settlement Disclosure Material, Lead Plaintiff decides to terminate the proposed Stipulation of Settlement or (*ii*) the Stipulation of Settlement is terminated for any other reason before being finally approved by the Court or (*iii*) the Stipulation of Settlement is not approved by the Court, then Lead Plaintiff, Lead Counsel, and any other Recipient shall, within seven business days after being notified by JBS to do so, return to Proskauer any and all Settlement Information that has been removed from the Document Depository, as well as any and all copies of Settlement Information that were made after Settlement Information was removed from the Document Depository. In any of the circumstances described in this paragraph, JBS's counsel shall have custody and control of all Settlement Information.

14. If the Court approves the proposed Stipulation of Settlement and the Court's approval of the settlement becomes Final, the provisions of paragraph 13 shall apply within ten business days after the settlement becomes Final; *provided, however,* that any person or entity subject to paragraphs 13 and 14 may choose to destroy any and all Settlement Information (and copies of such information) instead of returning it to Proskauer, in which event such person or entity shall provide Proskauer with a certification attesting to the destruction of such Settlement Information.

15. Production of Settlement Disclosure Material shall not be deemed to be, and neither Lead Plaintiff nor Lead Counsel (nor any other Recipient) will argue that such production is, (*i*) a general waiver of the attorney-client privilege, the attorney work-product doctrine, or any other potentially applicable privilege or protection (including for trade secrets or proprietary information), (*ii*) a specific waiver of any privilege or protection applicable to the documents or information being produced, or (*iii*) an admission or indication that the documents or information are relevant to, or would or should be discoverable in, the Action or in any other litigation or proceeding in any forum.

16. Pursuant to Federal Rule of Evidence 502(d), the parties to this Agreement agree, and the Court orders, that the attorney-client privilege and attorney work-product protection are not waived in this Court, any other federal court, or any state court by production of Settlement Disclosure Material in connection with this Action.

17. If a document or information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege is inadvertently made available as Settlement Disclosure Material to anyone, the document shall be removed from the Document Depository or other Settlement Disclosure Material upon discovery that such document was

inadvertently included in the Document Depository or among other Settlement Disclosure Material; *provided, however*, that Proskauer shall notify Lead Counsel of any such removal by providing a general description of each such document removed, including the date and the number of pages of the document. No individual or entity granted access to the Document Depository or other Settlement Disclosure Material shall be permitted to request a copy of any such privileged or protected document.

18. If the proposed settlement of the Action is not approved, nothing in this Agreement shall preclude Lead Plaintiff from seeking the production of documents and information from JBS (or any other person) pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court; *provided, however*, that, (*i*) without JBS's express written agreement to the contrary, Lead Plaintiff shall not make discovery requests that refer directly to Settlement Information in any such request or in any proceeding relating to this Action or any other action or proceeding in any forum; (*ii*) Lead Plaintiff, Lead Counsel, and any other Recipients shall not use any Settlement Information in any proceeding relating to this Action or any other action or proceeding in any forum (including in any proceeding in Brazil), or in any other manner except to the extent such information is properly obtained through discovery in the course of the Action or any other action or proceeding and is used only to the extent permitted by the applicable court and rules; and (*iii*) Lead Plaintiff and any other Recipient shall not be able to use the fact that Lead Counsel or anyone else was allowed access to Settlement Disclosure Material to argue that any such documents or information exist or should or must be disclosed.

19. The Stipulation of Settlement (including its exhibits) in the Action addresses the manner in which Settlement Information may be used in connection with any hearing held by the Court to consider the fairness, reasonableness, and adequacy of the proposed settlement,

including a procedure to allow potential Class Members (as defined in the Stipulation of Settlement) or their counsel to review Settlement Disclosure Material before such hearing. If a party needs to include Settlement Information in any filing with the Court, such party will file all such information under seal.

20. Any potential Class Member who requests access to Settlement Disclosure Material in connection with assessing the fairness of the proposed settlement must first sign the attached Exhibit A and agree to be bound by all of the terms of this Agreement. If a potential Class Member makes such a request for his, her, or its counsel to review Settlement Disclosure Material, both the potential Class Member and his, her, or its counsel must agree to be bound by all of the terms of this Agreement and must sign Exhibit A. If Lead Counsel learns that any potential Class Member who has requested access to Settlement Information is a potential business competitor of JBS, Lead Counsel shall so inform JBS as soon as possible.

21. JBS reserves all rights in this case, and in any other pending or future proceeding, to object on any ground whatsoever to the production of any document included among Settlement Disclosure Material.

22. Any violation of this Agreement shall entitle JBS to injunctive or other equitable relief as a remedy for the violation without proof of actual damages and without limiting any other remedies that JBS might have. In agreeing to be subject to the terms of this Agreement, Lead Plaintiff, Lead Counsel, and any other individuals allowed access to Settlement Information agree to submit to the jurisdiction of the Court in which this Action is pending for all matters concerning the enforcement of the terms of this Agreement.

23. Any notice to JBS required by this Agreement shall be addressed to the following:

Ralph C. Ferrara, Esq.
Ann M. Ashton, Esq.
Proskauer Rose LLP
1001 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, D.C. 20004
Telephone: (202) 416-5820
Facsimile: (202) 416-6899
Email: rferrara@proskauer.com
Email: aashton@proskauer.com

Jonathan E. Richman, Esq.
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3448
Facsimile: (212) 969-2900
Email: jerichman@proskauer.com

24. Unless modified by the Court or the parties, this Agreement shall survive the final determination of, and shall remain in full force and effect after the conclusion of all proceedings in, the Action. The Court in which the Action is pending shall have jurisdiction to enforce and ensure compliance with its terms.

25. This Agreement may be signed in counterparts, each of which shall constitute a duplicate original. Execution by facsimile shall be fully and legally binding.

26. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, excluding its conflict-of-laws provisions.

Nicholas I. Porritt
Adam M. Apton
Levi & Korsinsky, LLP
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: nporritt@zlk.com
Email: aapton@zlk.com

ON BEHALF OF LEAD PLAINTIFF, THE CLASS, AND LEAD COUNSEL

Ralph C. Ferrara
Ann M. Ashton
Jonathan E. Richman
Proskauer Rose LLP
1001 Pennsylvania Avenue, N.W.
Suite 600 South
Washington, D.C. 20004
Telephone: (202) 416-5820
Facsimile: (202) 416-6899
Email: rferrara@proskauer.com
Email: aashton@proskauer.com
Email: jerichman@proskauer.com

ON BEHALF OF DEFENDANT JBS S.A. AND PROSKAUER ROSE LLP

SO ORDERED this 11th day of March, 201_

I. LEO GLASSER
United States District Judge