UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 2 2 2019 ★
BROOKLYN OFFICE

EDMUND MURPHY III, individually and on behalf of all others similarly situated,

Plaintiff,

v.

JBS S.A.,

Defendant.

Case No.: 1:17-cv-03084-ILG-RER

Hon. Judge I. Leo Glasser

Hon. Magistrate Judge Ramon E. Reyes, Jr.

## ORDER APPROVING CLASS-ACTION SETTLEMENT

WHEREAS, Lead Plaintiff GWI Enterprise Ltd., on behalf of itself and the Class (as defined below), and defendant JBS S.A. have entered into a Stipulation of Settlement to settle the claims made in this Action; and

WHEREAS, Lead Plaintiff and Defendant have applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order granting final approval of the proposed settlement in accordance with the Stipulation of Settlement (including its exhibits) (the "Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement (the "Settlement"); and

WHEREAS, on March 8, 2019 the Court entered an Order preliminarily approving the proposed Settlement, preliminarily certifying the Class for settlement purposes, directing notice to be sent and published to potential Class Members, and scheduling a hearing (the "Fairness Hearing") to consider whether to approve the proposed Settlement, the proposed Plan of

Allocation, Class Counsel's Attorneys' Fees and Expenses Award Application, and the Lead Plaintiff's Incentive Award Application; and

WHEREAS the Court held the Fairness Hearing on July 18, 2019 to determine, among other things, (*i*) whether the terms and conditions of the proposed Settlement are fair, reasonable and adequate and should therefore be approved; (*ii*) whether the Class should be finally certified for settlement purposes; (*iii*) whether notice to the Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to the Class in accordance with the Federal Rules of Civil Procedure, the PSLRA, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law; (*iv*) whether to approve the proposed Plan of Allocation; (*v*) whether to enter an order and judgment dismissing the Action on the merits and with prejudice as to Defendant and against all Class Members, and releasing all the Released Releasees' Claims and Released Class Claims as provided in the Settlement Agreement; (*vi*) whether to enter the requested permanent injunction and bar orders as provided in the Settlement Agreement; (*vii*) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel; and (*viii*) whether and in what amount to award an Incentive Award to Lead Plaintiff; and

WHEREAS the Court received submissions and heard argument at the Fairness Hearing;

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, the other materials of record in this action, and the Court's Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. ***Incorporation of Settlement Documents*** – This Order incorporates and makes a part hereof the Settlement Agreement dated as of December 19, 2018, including its defined terms.

To the extent capitalized terms are not defined in this Order, this Court adopts and incorporates the definitions set out in the Settlement Agreement.[1]

2. *Jurisdiction* – The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiff, and all other Class Members (as defined below) and has jurisdiction to enter this Order and the Judgment.

3. *Final Class Certification* – The Court grants certification of the Class solely for purposes of the Settlement pursuant to Fed. R. Civ. P. 23(b)(3). The Class is defined to consist of all persons and entities (including legal beneficiaries or participants in any entities) who purchased or otherwise acquired ADRs issued for JBS shares between June 1, 2013 and July 5, 2017, inclusive. Excluded from the Class are:

    a. such persons or entities who submit valid and timely requests for exclusion from the Class;

    b. such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against one or more of the Releasees and released all of the Releasees arising out of or related to the Released Class Claims; and

    c. JBS and all of its (*i*) current and former officers, directors and employees (including Wesley Mendonça Batista and Joesley Mendonça Batista), (*ii*) parents (including J&F Investimentos S.A.), Affiliates, subsidiaries, successors and predecessors, (*iii*) any entity in which JBS or any of its current and former officers, directors or employees (including Wesley Mendonça Batista and Joesley Mendonça Batista) has, or had during the Class Period, a Controlling Interest

---

[1] Select definitions from the Settlement Agreement are set out in the Appendix to this Order.

3

and (*iv*) for the individuals identified in (*i*), (*ii*) and/or (*iii*), their Family Members, legal representatives, heirs, successors or assigns.

    4.    This certification of the Class is made for the sole purpose of consummating the settlement of the Action in accordance with the Settlement Agreement. If the Court's approval of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect deemed unacceptable by a Settling Party, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Lead Plaintiff or anyone else to seek class certification in this or any other matter.

    5.    For purposes of the settlement of the Action, and only for those purposes, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws (including the PSLRA) have been satisfied, in that:

    a.    The Class is ascertainable from business records and/or from objective criteria;

    b.    The Class is so numerous that joinder of all members would be impractical;

    c.    One or more questions of fact and law are common to all Class Members;

    d.    Lead Plaintiff's claims are typical of those of the other members of the Class;

    e.    Lead Plaintiff has been and is capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Lead Plaintiff's interests have been and are consistent with those of the other Class Members, (*ii*) Class Counsel has been and is able and qualified to represent the Class, and (*iii*) Lead Plaintiff and Class Counsel have fairly and

adequately represented the Class Members in prosecuting this Action and in negotiating and entering into the proposed Settlement; and

    f.  For settlement purposes, questions of law and/or fact common to members of the Class predominate over any such questions affecting only individual Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action. In making these findings for settlement purposes, the Court has considered, among other things, (*i*) the Class Members' interests in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the extent and nature of any litigation concerning these claims already commenced, and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

  6. ***Final Certification of Lead Plaintiff and Appointment of Class Counsel Solely for Settlement Purposes*** – Solely for purposes of the proposed Settlement, the Court hereby confirms its (*i*) certification of Lead Plaintiff as class representative and (*ii*) appointment of Levi & Korsinsky LLP as class counsel pursuant to Fed. R. Civ. P. 23(g).

  7. ***Notice*** – The Court finds that the distribution of the Individual Notice (including the Claim Form), the publication of the Summary Notice, and the notice methodology as set forth in the Preliminary Approval Order all were implemented in accordance with the terms of that Order. The Court further finds that the Individual Notice (including the Claim Form), the Summary Notice, and the notice methodology (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlement, the effect of the Settlement Agreement (including the release of claims), their right to object to the proposed Settlement, their right to exclude themselves from the Class, and their right to appear at

5

the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice (including any State and/or federal authorities entitled to receive notice under the Class Action Fairness Act) and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

8. *Final Settlement Approval* – The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel – under the auspices of a retired Judge for the United States District Court for the District of New Jersey serving as mediator – and was entered into in good faith. The terms of the Settlement Agreement do not have any material deficiencies, do not improperly grant preferential treatment to any individual Class Member and treat Class Members equitably relative to each other. Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA and the Rules of the Court, and in the best interests of the Class Members.

9. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Amount among Class Members.

10. In making these findings, and in concluding that the relief provided to the Class is fair, reasonable and adequate, the Court considered, among other factors, (*i*) the complexity, expense and likely duration of the litigation if it were to continue, including the costs, risks and delay of trial and appeal; (*ii*) the reaction of the potential Class Members to the settlement, including the number of exclusion requests and the number of objections, (*iii*) the stage of the

proceedings and the amount of discovery and other materials available to Class Counsel, including the Confirmatory Discovery provided to Class Counsel; (*iv*) the risks of establishing liability and damages, including the nature of the claims asserted and the strength of Lead Plaintiff's claims and Defendant's defenses as to liability and damages; (*v*) Lead Plaintiff's risks of obtaining certification of a litigations class and of maintaining certification through trial; (*vi*) the ability of the Defendant to withstand a greater judgment; (*vii*) the range of reasonableness of the settlement fund in light of the best possible recovery; (*viii*) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation; (*ix*) the availability of opt-out rights for potential Class Members who do not wish to participate in the Settlement; (*x*) the effectiveness of the procedures for processing Class Members' claims for relief from the Settlement fund and distributing such relief to eligible Class Members ; (*xi*) the terms of the proposed award of attorneys' fees, including the timing of the payment, (*xii*) the terms of the Supplemental Agreement, (*xiii*) the involvement of a respected and experienced mediator (retired United States District Judge Faith Hochberg of the United States District Court for the District of New Jersey); (*xiv*) the experience and views of the Settling Parties' counsel; (*xv*) the submissions and arguments made throughout the proceedings by the Settling Parties; and (*xvi*) the submissions and arguments made at and in connection with the Fairness Hearing.

11. The Settling Parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions. The Court approves the documents submitted to the Court in connection with the implementation of the Settlement Agreement.

12. ***Releases*** – Pursuant to this Approval Order and the Judgment, without further action by anyone, and subject to Paragraph 15 below, on and after the Final Settlement Date, Lead Plaintiff and all other Class Members (whether or not a Claim Form has been executed and/or

delivered by or on behalf of any such Class Member), on behalf of themselves and the other Releasors, for good and sufficient consideration, the receipt and adequacy of which ae hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally and forever released relinquished, settled and discharged:

  a. all Released Class Claims against each and every one of the Releasees;

  b. all Claims, damages, and liabilities as to each and every one of the Releasees to the extent that any such Claims, damages, or liabilities relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense or settlement of the Action, (*ii*) the Settlement Agreement or its implementation, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement and/or (*v*) the resolution of any Claim Forms submitted in connection with the Settlement; and

  c. all Claims against any of the Releasees for attorneys' fees, costs, or disbursements incurred by Class Counsel or any other counsel representing Lead Plaintiff or any other Class Member in connection with or related in any manner to the Action, the settlement of the Action, or the administration of the Action and/or its Settlement, except to the extent otherwise specified in the Settlement Agreement.

13. Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, each and every Releasee, including Defendant's Counsel, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally and forever released, relinquished, settled and

discharged each and all Releasors, including Class Counsel, from any and all Released Releasees' Claims, except to the extent otherwise specified in the Settlement Agreement.

14. Pursuant to this Order and the Judgment, without further action by anyone, and subject to paragraph 15 below, on and after the Final Settlement Date, Class Counsel and any other counsel representing Lead Plaintiff or any other Class Member in connection with or related in any manner to the Action, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, Affiliates, assigns, and any person or entity claiming by, through or on behalf of any of them, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of this Order and the Judgment shall have, fully, finally and forever released, relinquished, settled and discharged Defendant, Defendant's Counsel and all other Releasees from any and all Claims that relate in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense or settlement of the Action, (*ii*) this Settlement Agreement or its implementation or (*iii*) the Settlement terms and their implementation.

15. Notwithstanding paragraphs 12 through 14, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order or the Judgment or affect any rights relating to or arising out of the purchase or sale of any JBS securities other than the Relevant Securities.

16. ***Permanent Injunction*** – The Court orders as follows:

   a. Lead Plaintiff and all other Class Members (and their attorneys, accountants, agents, heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class

9

– and anyone else (including any governmental entity) purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefit or other relief from, any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, alleging one or more Released Class Claims against one or more Releasee;

    b.  All persons and entities are permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit alleges one or more Released Class Claims; and

    c.  All Releasees, and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any such persons or entities, are permanently enjoined from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to Released Releasees' Claims.

  17.  Notwithstanding paragraph 16, nothing in this Order or in the Judgment shall bar any action or Claim by the Settling Parties or their counsel to enforce the terms of the Settlement Agreement, this Order or the Judgment.

  18.  ***Contribution Bar Order*** – In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims for contribution arising out of any Released Class Claim (*i*) by any person or entity

against any of the Releasees and (*ii*) by any of the Releasees against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (*i*) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such Claim for contribution, and (*ii*) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution. In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any Final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity for loss for which such person or entity and any Releasees are found to be jointly liable shall be reduced by the greater of (*i*) an amount that corresponds to Defendant's percentage of responsibility for the loss to the Class or Class Member or (*ii*) either (*x*) the Settlement Amount, in the case of the Class, or (*y*) that portion of the Settlement Amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

19. ***Complete Bar Order*** – To effectuate the Settlement, the Court hereby enters the following Complete Bar:

    a. Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Class Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any Claim in which a person or entity seeks to recover from any of

the Releasees (*i*) any amounts that such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this subparagraph are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Class Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided however,* that if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Class Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member and (*ii*) either (*y*) the Settlement Amount, in the case of the Class, or (*z*) that portion of the Settlement Amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

      b.     Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Class Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Class or any Class Member, including any Claim in which any Releasee

seeks to recover from any person or entity (including another Releasee) (*i*) any amounts that any such Releasee has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied and unenforceable.

    c.  Notwithstanding anything stated in the Complete Bar Order, if any person or entity (for purposes of this subparagraph, a "petitioner") commences against any of the Releasees any action either (*i*) asserting a Claim that is or arises from a Released Class Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this paragraph 19.a or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (*a*) such petitioner, (*b*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*c*) any person or entity that participated with any of the preceding persons or entities described in items (*a*) and (*b*) of this subparagraph in connection with the assertion of the Claim brought against the Releasee(s).

    d.  If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Class Claim.

e. Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, (*i*) nothing shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement, and (*ii*) nothing shall release, interfere with, limit, or bar the assertion by any Releasee of (*x*) any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct at issue in the Action, (*y*) any contractual right to indemnification or advancement as against any other Releasee, or (*z*) any contractual right as against any other Releasee.

20. *No Admissions* – This Order and the Judgment, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with the Judgment or the Settlement Agreement shall not constitute or be construed as an admission by any of the Releasees of any wrongdoing or liability, or by any of the Releasors of any infirmity in the Claims. This Order, the Judgment and the Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint and of the Released Class Claims. In no event shall this Order, the Judgment, the Settlement Agreement, any of their provisions, or any negotiations, statements or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Action, any other action or any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, this Order, the Judgment, the Settlement Agreement, and any related negotiations, statements or court proceedings shall not be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession (*i*) of any kind against the Settling Parties, the other Releasees and the other Releasors in the Action, any other action, or any judicial, administrative, regulatory or other proceeding or (*ii*) of any liability or wrongdoing whatsoever on the part of any person or entity, including

14

Defendant, or as a waiver by Defendant of any applicable defense, or (*iii*) by Lead Plaintiff or the Class of the infirmities of any claims, causes of action, or remedies.

21. Notwithstanding anything in paragraph 20, this Order, the Judgment and/or the Settlement Agreement may be filed in any action against or by any Releasee to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

22. *Attorneys' Fees and Expenses Award* – Class Counsel is hereby awarded Attorneys' Fees in the amount of $1,966,666.67 and Expenses in the amount of $44,459.14. This amount shall be paid out of the Settlement Amount (as that term is defined in the Settlement Agreement) pursuant to the terms set out in Section X of the Settlement Agreement. The Court finds that the Attorneys' Fees Award and Expenses Award is fair, reasonable and appropriate.

23. *Incentive Award* – The Court finds that the requested Incentive Award of $25,000 to the Lead Plaintiff is reasonable in the circumstances. This amount shall be paid out of the Settlement Expense Amount (as that term is defined in the Settlement Agreement) pursuant to the terms set out in the Settlement Agreement or, if the Settlement Expense Amount is unavailable, out of the Settlement Amount.

24. *Modification of Settlement Agreement* – Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement (including its exhibits) that (*i*) are not materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the rights of Class Members under the Settlement Agreement.

25. ***Dismissal of Action*** – The Action, including all Claims that have been asserted, is hereby dismissed on the merits and with prejudice, without fees or costs to any Settling Party except as otherwise provided in the Settlement Agreement.

26. ***Retention of Jurisdiction*** – Without in any way affecting the finality of this Order and the Judgment, and subject to the Mediator's ability to make final, binding, and nonappealable rulings as prescribed in the Settlement Agreement, the Court expressly retains continuing and exclusive jurisdiction over the Settling Parties, the Class Members and anyone else who appeared before this Court for all matters relating to the Action, including the administration, consummation, interpretation, implementation or enforcement of the Settlement Agreement of this Order and the Judgment, and for any other reasonably necessary purpose, including:

   a. enforcing the terms and conditions of the Settlement Agreement, this Order and the Judgment (including the Complete Bar Order, the PSLRA Contribution Bar Order, and the permanent injunction);

   b. resolving any disputes, claims or causes of action that, in whole or part, are related to or arise out of the Settlement Agreement, this Order or the Judgment (including whether a person or entity is or is not a Class Member and whether claims or causes of action allegedly related to the Released Class Claims are or are not barred by this Order and the Judgment or the Release);

   c. entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, including whether to impose a bond on any parties who appeal from this Order or the Judgment; and

   d. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

27. ***Rule 11 Findings*** – The Court finds that all of the complaints filed in the Action were filed on a good faith basis in accordance with the PSLRA and with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

28. ***Termination*** – If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement (including pursuant to Section XIV), this Order and the Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement.

29. ***Findings of Fact and Conclusions of Law*** – In support of this Order, the Settling Parties have prepared proposed findings of fact and conclusions of law, which the Court hereby enters contemporaneously with this Order.

30. ***Entry of Judgment*** – There is no just reason to delay the entry of this Order and the Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

So ordered this 18th day of July, 2019.

/s/(ILG)
The Honorable I. Leo Glasser
United States District Judge